**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BERNADETTE MARIA OSIKA, | No. 09-55561 |
| Petitioner - Appellant, | D.C. No. 5:07-cv-01533-FMC-PJW |
| v. | |
| DEBORAH L. PATRICK, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Florence-Marie Cooper, District Judge, Presiding

Submitted March 9, 2012[**]
Pasadena, California

Before: FARRIS, CLIFTON, and IKUTA, Circuit Judges.

Bernadette Maria Osika appeals the district court's denial of her petition for

a writ of habeas corpus. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

In 2004, Osika assisted her boyfriend, a gang member, in robbing a victim and stealing his vehicle. *See People v. Villalobos*, 51 Cal. Rptr. 3d 678, 680-81, 145 Cal. App. 4th 310, 314-15 (Cal. Ct. App. 2006). A jury found Osika guilty of, *inter alia*, first degree robbery in violation of California law and found that California's gang enhancement statute applied. By its terms, the gang enhancement statute applies to "any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members . . . ." Cal. Penal Code §§ 186.22(b)(1), (b)(4). The trial court applied the gang enhancement and sentenced Osika to state imprisonment for an indeterminate term of 15 years to life.

Osika argues that the gang enhancement statute required the prosecution to prove more than "that [her] boyfriend intended to further the interests of the gang by committing the crime and that [she] intended to help her boyfriend commit the crime." Osika relies on our interpretation of § 186.22(b)'s "specific intent" requirement in *Garcia v. Carey*, 395 F.3d 1099 (9th Cir. 2005), and *Briceno v. Scribner*, 555 F.3d 1069 (9th Cir. 2009). *See id.* at 1081 (prosecution must prove "that the defendant committed the crime with the specific intent to benefit the gang"); *id.* at 1079 (requiring evidence "'that would support an inference that [the

2

defendant] robbed [the victim] with the specific intent to facilitate *other* criminal conduct by the [gang]'") (quoting *Garcia*, 395 F.3d at 1103) (first alteration and emphasis added).

After the parties submitted their briefs in this case, the California Supreme Court rejected *Garcia*'s and *Briceno*'s reading of § 186.22(b)(1). *See People v. Albillar*, 244 P.3d 1062, 1074-76, 119 Cal. Rptr. 3d 415, 429-32, 51 Cal. 4th 47, 64-68 (Cal. 2010). "The California Supreme Court . . . definitively interpreted § 186.22(b)(1) in *Albillar*," "expressly disapproved [of] the Ninth Circuit's interpretation of section 186.22(b)(1)," and thus "overruled *Briceno* and *Garcia*'s interpretation of section 186.22(b)(1)." *Emery v. Clark*, 643 F.3d 1210, 1215 (9th Cir. 2011). Under *Albillar*, "'the specific intent to promote, further, or assist in any criminal conduct by gang members'[ ] is unambiguous and applies to *any* criminal conduct, without a further requirement that the conduct be 'apart from' the criminal conduct underlying the offense of conviction sought to be enhanced." *Id*. (quoting *Albillar*, 244 P.3d at 1075, 119 Cal. Rptr. 3d at 431, 51 Cal. 4th at 68) (alterations in original). "[S]ection 186.22(b)(1) does not require the 'specific intent to promote, further, or assist a *gang-related* crime.' The statute requires only 'the specific intent to promote, further, or assist criminal conduct by *gang*

3

*members*.'" *Id*. at 1215 n.3 (quoting *Albillar*, 244 P.3d at 1075-76, 119 Cal. Rptr. 3d at 431-32, 51 Cal. 4th at 67-68) (alterations in original) (citation omitted).

*Albillar* forecloses Osika's sole ground for appeal.

AFFIRMED.